Slip Op. 17-9

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **LA NICA PRODUCT, INC.,** | |
| **Plaintiff,** | Before: Claire R. Kelly, Judge |
| **v.** | Court No. 13-00300 |
| **UNITED STATES,** | **PUBLIC VERSION** |
| **Defendant.** | |

## OPINION

[Denying Plaintiff's motion for summary judgment and granting Defendant's cross-motion for summary judgment.]

Dated: February 2, 2017

Peter Stanwood Herrick, Peter S. Herrick, P.A., of St. Petersburg, FL, and Joshua Asher Levy, Marlow, Adler, Abrams, Newman & Lewis, P.A., of Coral Gables, FL, for plaintiff.

Beverly A. Farrell of the U.S. Department of Justice, International Trade Field Office, of New York, NY, for defendant.  With her on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Amy M. Rubin, Assistant Director, International Trade Field Office.

Kelly, Judge:  Before the court are cross-motions for summary judgment pursuant

to USCIT Rule 56.  Pl.'s Mot. Summary J. and Mem. L., Jun. 22, 2016, ECF No. 36 ("Pl.

Mot.");  Def.'s Cross-Mot. Summary J. Confidential Version, Sept. 30, 2016, ECF No. 56

("Def. Cross-Mot.").  Plaintiff La Nica Products ("La Nica") contests the denial of protests[1]

of U.S. Customs and Border Protection's ("Customs" or "CBP") denial of the claims for

---

[1] Plaintiff's protests were made pursuant to 19 U.S.C. § 1514(c)(1), authorizing an importer to protest a decision of U.S. Customs and Border Protection as to the rate and amount of duties chargeable.  19 U.S.C. § 1514(c)(1); 19 U.S.C. § 1514(a)(2); see 19 C.F.R. § 174.11(b)(2).

preferential tariff treatment on three entries of hard white cheese from Nicaragua,[2] pursuant to the Dominican Republic-Central America-United States Free Trade Agreement ("CAFTA-DR").[3]  For the reasons that follow, the court holds that as a matter of law the goods are not entitled to preferential tariff treatment under CAFTA-DR. Therefore, the subject entries were properly liquidated at the non-preferential tariff rate. Accordingly, the court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment.

## STANDARD OF REVIEW AND JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) and the Tariff Act of 1930, as amended, 19 U.S.C. § 1515 (2006).[4]  The court reviews an action under § 1581(a) de novo.  See 28 U.S.C. §§ 2640(a)(1).  Summary judgment is appropriate if "there is no genuine issue as to any material fact," and "the movant is entitled to judgment as a matter of law."  USCIT R. 56(c).

---

[2] Entry No. E84-0074522-8 (entry date January 26, 2012), with corresponding Protest No. 5201-13-100058; Entry No. E84-0074601-0 (entry date February 13, 2012), with corresponding Protest No. 5201-13-100057; and Entry No. E84-0074617-6 (entry date February 17, 2012), with corresponding Protest No. 5201-13-100056.  Pl.'s Statement of Material Facts ¶¶ 7, 16, 24, Nov. 11, 2016, ECF No. 59 ("Pl. 56.3 Statement"); Def.'s Resp. Pl. Statement of Material Facts ¶¶ 7, 16, 24, Dec. 16, 2016, ECF No. 63; Pl.'s Resp. Def.'s Statement of Facts ¶ 11, Nov. 11, 2016, ECF No. 57-2; Def.'s Statement of Material Facts ¶¶ 3–4, 11, Sept. 30, 2016, ECF No. 55-2 ("Def. 56.3 Statement"); see also Joint Appendix Confidential Version, CA 1, 20, 36, Dec. 19, 2016, ECF No. 65 ("Joint Appendix").

[3] CAFTA-DR is the agreement establishing free trade between the United States, Costa Rica, Dominican Republic, El Salvador, Guatemala, Honduras, and Nicaragua.  See 19 U.S.C. §§ 4001, 4011.  CAFTA-DR is implemented in the Harmonized Tariff Schedule of the United States ("HTSUS") General Note 29.  See General Note 29(a)(iii), HTSUS.

[4] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

**UNDISPUTED FACTS**

The following facts are not in dispute.  In January and February 2012, Plaintiff, a U.S. importer of cheeses containing cow's milk, imported the three shipments of the merchandise at issue into the United States from Nicaragua.[5]  Pl.'s Statement of Material Facts ¶¶ 1–8, 9–16, 17–24, Nov. 16, 2016, ECF No. 59 ("Pl. 56.3 Statement"); Def.'s Statement of Material Facts ¶¶ 3–4, Sept. 30, 2016, ECF No. 55-2 ("Def. 56.3 Statement").  The merchandise consisted of "queso morolique," or hard white cheese.  Pl. 56.3 Statement ¶¶ 5, 13, 22; Def.'s Resp. Pl. Statement of Material Facts ¶¶ 5, 13, 22, Dec. 16, 2016, ECF No. 63 ("Def. Resp. Pl. 56.3 Statement").

On January 26, February 13, and February 17, 2012, respectively, Plaintiff's customs broker filed an entry for each shipment.  Pl. 56.3 Statement ¶¶ 7, 16, 24; Def. Resp. Pl. 56.3 Statement ¶¶ 7, 16, 24.  The entry forms entered the merchandise under subheading 0406.90.97[6] of the Harmonized Tariff Schedule of the United States (2012) ("HTSUS")[7] and included a claim for preferential tariff treatment under CAFTA-DR.[8]  Pl. 56.3 Statement ¶¶ 7, 16, 24; Def. 56.3 Statement ¶ 5.  Plaintiff, La Nica, was listed as the

---

[5] Nicaragua is a country party to CAFTA-DR.  19 U.S.C § 4002(2)(F); Pl. 56.3 Statement ¶¶ 3, 11, 19; Def. 56.3 Statement ¶ 6.

[6] Subheading 0406.90.97, HTSUS, provides for "Cheese and curd: Other cheese: Other cheeses, and substitutes for cheese, including mixtures of the above: Other, including mixtures of the above (excluding goods containing mixtures of subheadings 0406.90.61 or 0406.90.63): Other: Other: Containing cow's milk (except soft-ripened cow's milk cheese): Other."  Subheading 0406.90.97, HTSUS.

[7] All references to the HTSUS refer to the 2012 edition.

[8] Consistent with the regulations, the entry form for each shipment included a "P+" to indicate a claim of duty-free treatment under CAFTA-DR.  Pl. 56.3 Statement ¶¶ 7, 16, 24; Def. 56.3 Statement ¶ 5; see 19 C.F.R. § 10.583(b).

importer of record.  Pl.'s Resp. Def.'s Statement of Facts ¶ 4, Nov. 7, 2016, ECF No. 57-2 ("Pl. Resp. Def. 56.3 Statement"); Def. 56.3 Statement ¶ 4.

On August 30, 2012, Plaintiff filed Post-Entry Amendments ("PEAs") with Customs.[9]  Pl. 56.3 Statement ¶ 26; Def. Resp. Pl. 56.3 Statement ¶ 26; Joint Appendix Confidential Version, CA 87–89, Dec. 19, 2016, ECF No. 65 ("Joint Appendix").  In the PEAs Plaintiff sought to amend the importer of record on each of the entries, averring that it had sold the merchandise in each of the three shipments in transit to a subsequent U.S. purchaser and seeking to recover the cost of entry fees Plaintiff paid on each entry.[10]  Pl. 56.3 Statement ¶¶ 25–26; Def. Resp. Pl. 56.3 Statement ¶ 26.  The PEAs did not reference Plaintiff's claims for preferential tariff treatment under CAFTA-DR.  Pl. 56.3 Statement ¶ 27; Def. Resp. Pl. 56.3. Statement ¶ 27.

On August 31, 2012, Customs requested additional information from Plaintiff in relation to the PEAs and Plaintiff's claims for preferential tariff treatment pursuant to CAFTA-DR.  Pl. 56.3 Statement ¶ 28; Def. Resp. Pl. 56.3 Statement ¶ 28; Joint Appendix at CA 9.  Specifically, Customs requested that Plaintiff provide valid certifications of origin for the CAFTA-DR claims, as well as records of payment documenting the sales of the goods from the foreign seller to the subsequent purchasers.  Pl. 56.3 Statement ¶ 28;

---

[9] Plaintiff submitted the PEAs pursuant to Customs' post-entry amendment procedure, which is "authorized under § 101.9(a) of [19 C.F.R. § 101.9(a)], and allows importers to amend entry summaries . . . prior to liquidation by filing with [CBP] . . . an individual amendment letter upon discovery of certain kinds of errors." Post-Entry Amendment (PEA) Processing Test: Modification, Clarification, and Extension, 76 Fed. Reg. 37,136 (CBP 2011).

[10] The PEAs indicate that Entry Nos. E84-0074601-0 and E84-0074522-8 were sold to [[ ]] and Entry No. E84-0074617-6 was sold to [[ ]].  Joint Appendix at CA 87–89.

Def. Resp. Pl. 56.3 Statement ¶ 28; <u>see also</u> Joint Appendix at CA 9.  Plaintiff did not

respond to Customs' request for information.   Pl. 56.3 Statement ¶ 29; Def. 56.3

Statement ¶ 8; Joint Appendix at CA 9.

On November 21, 2012, Customs denied Plaintiff's PEA requests.   Pl. 56.3

Statement ¶ 30; Def. 56.3 Statement ¶ 9; Joint Appendix at CA 8.  Customs explained

that the denial was based on Plaintiff's failure to respond to the August 31, 2012 request

for information.  Pl. 56.3 Statement ¶ 30; Def. Resp. Pl. 56.3 Statement ¶ 30; Joint

Appendix at CA 8.  Customs subsequently liquidated the entries at the non-preferential

tariff rate.[11]  Pl. 56.3 Statement ¶ 32; Def. 56.3 Statement ¶ 10; Joint Appendix at CA 2,

21, 37.  The duties amounted to a total of $85,012 (plus fees and interest) for the three

entries.  Pl. 56.3 Statement ¶ 32; Def. 56.3. Statement ¶ 10; Def. Resp. Pl. 56.3 Statement

¶ 32.

In February 2013, Plaintiff timely filed three protests challenging Customs' denial

of CAFTA-DR preferential treatment on the entries.  Pl. 56.3 Statement ¶ 33; Def. Resp.

Pl. 56.3 Statement ¶ 33.   Plaintiff submitted supporting documentation including

certifications of origin, invoices for Plaintiff's purchase of the queso morolique, invoices

of Plaintiff's sale of the cheese to the subsequent purchaser, and shipping documents.

Pl. 56.3 Statement ¶ 33; Def. Resp. Pl. 56.3 Statement ¶ 33; <u>see</u> Joint Appendix at CA

1–19, 20–35, 36–52.  In February and March 2013, Customs denied each of the protests,

for failure to provide sufficient documentation to support the claims.  Pl. 56.3 Statement

---

[11] Although Plaintiff contends the non-preferential rate was $1.50 per kilogram, Pl. 56.3 Statement ¶ 32, and Defendant contends the rate was $1.509 per kilogram, Def. Resp. Pl. 56.3 Statement ¶ 32, the HTSUS provides that the rate is $1.509 per kilogram.  Subheading 0406.90.97, HTSUS.

¶¶ 34–35; Def. 56.3 Statement ¶¶ 12–13.  In May 2013, Plaintiff filed with Customs a request to void the protest denials pursuant to 19 U.S.C. § 1515(d), to which Customs did not respond.[12]  Pl. 56.3 Statement ¶ 36; Def. Resp. Pl. 56.3 Statement ¶ 36.

In August 2013, Plaintiff commenced this action.  Summons, Aug. 23, 2013, ECF No. 1.  In its complaint, Plaintiff did not allege that it is the importer of record of the three entries at issue.  Pl. Resp. Def. 56.3 Statement ¶ 15; Def. 56.3 Statement ¶ 16; see Compl. For Damages, Nov. 12, 2013, ECF No. 11.  Plaintiff moved for summary judgment, arguing that it had substantiated its claims for preferential tariff treatment under CAFTA-DR on the three entries.  Pl. Mot. 11–18.  In its statement of undisputed facts, Plaintiff asserts that it had sold in transit all three entries' goods.  Pl. Mot. 8; Pl. 56.3 Statement ¶ 25.  Defendant filed a cross-motion for summary judgment on the grounds that Plaintiff has not established eligibility for CAFTA-DR preferential tariff treatment.  Def. Cross-Mot. 4–17.

## DISCUSSION

Plaintiff argues it is entitled to preferential tariff treatment under CAFTA-DR on its three entries as a matter of law.  Pl. Mot. 11–18.  Defendant argues that the record before

---

[12] Plaintiff's May 8, 2013 letter to Customs cited 19 U.S.C. § 1515(d), Pl. 56.3 Statement ¶ 36; Def. Resp. Pl. 56.3 Statement ¶ 36, which provides that Customs may void the denial of a protest "on its own initiative, or pursuant to a written request by the protesting party filed with the appropriate port director within 90 days after the date of the protest denial," if the protest was "denied contrary to proper instructions."  19 U.S.C. § 1515(d).  Plaintiff stated that "[t]he proper instructions that were not followed is the non-acceptance of amendments to validly filed protests." Joint Appendix at CA 56.  Defendant states that "Plaintiff cites no instructions, proper or otherwise, that were contrary to the denial of the protests. The protests were denied because plaintiff failed to provide CBP with sufficient documentation to support its claim." Def. Cross-Mot. 3, n.5 (internal citations omitted).  Customs' non-response to Plaintiff's request to void the protest denials is not challenged here.

the court demonstrates that Plaintiff has failed as a matter of law to demonstrate that its

entries are entitled to preferential tariff treatment.  Def. Cross-Mot. 6–16.  Based upon the

record before the court, Plaintiff has failed to demonstrate that its entries are entitled to

CAFTA-DR preferential treatment.  Therefore, as a matter of law, Plaintiff's entries are

not entitled to preferential tariff treatment under CAFTA-DR.

A good originating in a country party to CAFTA-DR may be eligible for preferential

tariff treatment under the terms of the agreement,[13] General Note 29, HTSUS, where the

importer makes a valid claim for preferential treatment.[14]   19 C.F.R. §§ 10.582(a),

10.583(a) (2013).[15]   A claim may be based on a valid certification prepared by the

---

[13] The statute provides that a good imported into the customs territory of the United States is eligible for treatment as an originating good if, inter alia, "the good is a good wholly obtained or produced entirely in the territory of one or more of the CAFTA-DR countries."   19 U.S.C. § 4033(b)(1); see 19 C.F.R. § 10.594(a).

[14]   The regulations provide that such
> claim is made by including on the entry summary, or equivalent documentation, the letter "P" or "P+" as a prefix to the subheading of the HTSUS under which each qualifying good is classified, or by the method specified for equivalent reporting via an authorized electronic data interchange system.

19 C.F.R. § 10.583(b).  The importer of record must make entry on its merchandise "by filing with the Customs Service the declared value, classification and rate of duty applicable to the merchandise."  19 U.S.C. §§ 1484(a)(1)(A), (B).  Pursuant to the regulations, the importer of an entry is "the person primarily liable for the payment of any duties on the merchandise, or an authorized agent acting on his behalf."  19 C.F.R. § 101.1.  Such person may be the consignee, the importer of record, the actual owner of the merchandise, if an actual owner's declaration and superseding bond has been filed, or the transferee of the merchandise, if the right to withdraw merchandise in a bonded warehouse has been transferred.  Id.  The importer of record may be the owner or purchaser of the merchandise, or a customs broker designated by the owner, purchaser, or consignee of the merchandise, as the parties "eligible to file the documentation or information required" when an entry of merchandise is made.  19 U.S.C. § 1484(2)(B).  Here, a customs broker designated by La Nica made entry on the products,  Pl. 56.3 Statement ¶¶ 7, 16, 24; Def. Resp. Pl. 56.3 Statement ¶¶ 7, 16, 24, and the entry summaries listed Plaintiff as the importer of record.  Pl.'s Resp. Def. 56.3 Statement ¶ 4; Def. 56.3 Statement ¶ 4.

[15] Further citations to Title 19 of the Code of Federal Regulations are to the 2013 edition.

importer, exporter, or producer of the good, certifying that the good qualifies as originating

in one or more CAFTA-DR countries.[16]   19 C.F.R. §§ 10.583(a)(1), 10.584(a).   The

certification must be in writing or transmitted electronically to CBP, must be in the

possession of the importer at the time the claim for preferential treatment is made, and

must include certain information, including, <u>inter alia</u>, "[t]he legal name, address,

telephone, and e-mail address (if any) of the importer of record of the good, the exporter

of the good (if different from the producer), and the producer of the good."[17]   19 C.F.R.

§§ 10.584(a)(1)–(3).

---

[16] The importer may also claim CAFTA-DR preferential tariff treatment on the basis of "the importer's knowledge that the good qualifies as an originating good, including reasonable reliance on information in the importer's possession that the good is an originating good." 19 C.F.R. § 10.584(a)(2). However, "[a]n importer who makes a claim for preferential tariff treatment [on the entry summary] . . . [i]s responsible for submitting any supporting documents requested by CBP." 19 C.F.R. §§ 10.585(a); <u>see also</u> 10.616(a).

[17] In full, the regulation provides that the certification:

> (1) Need not be in a prescribed format but must be in writing or must be transmitted electronically pursuant to any electronic means authorized by CBP for that purpose;
>
> (2) Must be in the possession of the importer at the time the claim for preferential tariff treatment is made if the certification forms the basis for the claim;
>
> (3) Must include the following information:
>
> (i) The legal name, address, telephone, and e-mail address (if any) of the importer of record of the good, the exporter of the good (if different from the producer), and the producer of the good;
>
> (ii) The legal name, address, telephone, and e-mail address (if any) of the responsible official or authorized agent of the importer, exporter, or producer signing the certification (if different from the information required by paragraph (a)(3)(i) of this section);
>
> (iii) A description of the good for which preferential tariff treatment is claimed, which must be sufficiently detailed to relate it to the invoice and the HS nomenclature;
>
> (iv) The HTSUS tariff classification, to six or more digits, as necessary for the specific change in tariff classification rule for the good set forth in General Note 29(n), HTSUS; and

(footnote continued)

A claim for preferential tariff treatment "will be subject to such verification as the port director deems necessary," including verification by "written request for information from the importer, exporter, or producer."  19 C.F.R. §§ 10.616(a), (a)(1).  The importer is responsible for submitting any documentation requested by Customs to substantiate the claim for preferential treatment.  19 C.F.R. § 10.585(a)(3).  If the port director determines that the importer provided "insufficient information to verify or substantiate the claim" for CAFTA-DR preferential tariff treatment, the port director may deny the claim for preferential treatment.  19 C.F.R. § 10.616(a).  The regulations also specifically establish that the port director may deny preferential tariff treatment in the event that the importer does not provide a complete, valid certification when requested.[18]  19 C.F.R. § 10.588(a).

---

(v) The applicable rule of origin set forth in General Note 29, HTSUS, under which the good qualifies as an originating good; and

(4) Must include a statement, in substantially the following form:

"I certify that:

The information on this document is true and accurate and I assume the responsibility for proving such representations. I understand that I am liable for any false statements or material omissions made on or in connection with this document;

I agree to maintain and present upon request, documentation necessary to support these representations;

The goods originated or are considered to have originated in the territory of one or more of the Parties, and comply with the origin requirements specified for those goods in the Dominican Republic—Central America—United States Free Trade Agreement; there has been no further production or any other operation outside the territories of the Parties, other than unloading, reloading, or any other operation necessary to preserve the goods in good condition or to transport the goods to the United States; the goods remained under the control of customs authorities while in the territory of a non–Party; and

This document consists of __ pages, including all attachments."

19 C.F.R. §§ 10.584(a)(1)–(4).

[18] The parties do not dispute that Plaintiff was permitted to submit the requested certifications with

(footnote continued)

Plaintiff has failed to establish that it is the importer for the entries at issue for the purposes of CAFTA-DR preferential treatment.  Here, Plaintiff made a claim for CAFTA-DR preferential tariff treatment on each entry upon importation, Pl. 56.3 Statement ¶ 7, 16, 24, on the basis of a certification provided by Plaintiff as the importer of the goods. Joint Appendix at CA 2, 11, 14, 21, 31, 73; Pl. Mot. 5–7; 19 C.F.R. §§ 10.583(a), 10.584(a); 19 U.S.C. § 1484(2)(B).  Yet the undisputed facts reveal that Plaintiff claimed in writing to CBP that it had sold the goods in transit, Pl. 56.3 Statement ¶¶ 25–26; Def. Resp. Pl. 56.3 Statement ¶ 26, which raised questions as to whether Plaintiff could have been the importer of record as it did not own the goods at the time of entry.[19]  See 19 U.S.C. § 1484(2)(B).  Thus, although Plaintiff is listed on the entry summaries as the importer of record, it appears, based upon unrefuted evidence here, that Plaintiff was not the owner of the goods at the time of entry and therefore could not have been the importer

---

its protests, despite not providing the certifications upon Customs' original Request for Information in August 2012.  Pl. Mot. 12; Def. Cross-Mot. 7–8.  Pursuant to 19 C.F.R. § 10.112, a party may submit to Customs required documentation in support of a preferential tariff treatment claim until the liquidation becomes final.  19 C.F.R. § 10.112.  Plaintiff's timely-filed protests prevented liquidation from becoming final.  19 U.S.C. § 1514(a).

[19] Plaintiff submitted a PEA on each entry requesting to change the importer of record, contending that the goods had been sold in transit so Plaintiff should not be liable for the duties and fees paid upon entry; Plaintiff was seeking reimbursement of those costs.  Plaintiff did not reference the CAFTA-DR claim on the PEAs.  Nonetheless, the PEAs necessarily brought the CAFTA-DR issue to Customs' attention since, per the regulations, only the importer may make a claim for CAFTA-DR preferential treatment.  19 C.F.R. § 10.583(a); 19 U.S.C. § 1484(2)(B).  After Plaintiff submitted a PEA on each entry attesting that the goods had been sold in transit and requesting that the importer of record be changed from La Nica to the subsequent owners of the goods, CBP requested additional documentation from Plaintiff to determine if the goods were eligible for the CAFTA-DR preferential rate.  Joint Appendix at CA 9; see 19 C.F.R. § 10.585(a)(3).

of the goods.[20]  The court need not resolve whether La Nica is properly the importer of

record for purposes of the entry summaries and what consequences there might be if it

is not.  In this action the court must determine whether the requirements for CAFTA-DR

eligibility and certification are met.  Those requirements include that the CAFTA-DR claim

be made by the importer, based on a certification prepared by the importer, exporter, or

producer of the goods.   19 C.F.R. §§ 10.583(a), 10.584(a).  The claim made, and the

certification provided, by the Plaintiff here are as the importer, and yet the unrefuted

evidence in this case demonstrates that the Plaintiff sold the goods in transit and therefore

was not entitled to be the importer of record.   Even before this court, Plaintiff reasserts

that it sold the goods in transit and Plaintiff does not allege that it is the importer of record.

Pl. Resp. Def. 56.3 Statement ¶¶ 15, 25; Def. 56.3 Statement ¶ 16.  Plaintiff has failed to

affirmatively demonstrate that it owned the goods at the time of entry and was therefore

a proper party to claim CAFTA-DR treatment.  Accordingly, Plaintiff could not have made

a valid claim for CAFTA-DR preferential treatment, and Plaintiff is not entitled to CAFTA-

DR preferential treatment as a matter of law.

Plaintiff seeks to rely on Customs' denial of the PEA requests to effectively

demonstrate that Customs found Plaintiff to be the importer of record and, thus, entitled

to claim CAFTA-DR treatment.  Pl.'s Resp. Opp'n Def.'s Cross-Mot. Summ. J. and Reply

---

[20] To establish CAFTA-DR eligibility under the specific circumstances of the instant case, Plaintiff
would need to affirmatively demonstrate that it was the owner of the goods at the time of entry
and that the certification of origin and all other information and documentation submitted as
requested by Customs was sufficient to establish CAFTA-DR eligibility.  19 C.F.R. §§ 10.583(a),
10.584(a); 19 U.S.C. § 1484(2)(B).  Plaintiff's PEAs expressly affirmed that Plaintiff sold the goods
in transit.  Pl. 56.3 Statement ¶ 25; Joint Appendix at CA 10, 28, 43.

Def.'s Resp. Opp'ing Pl.'s Mot. Summary J. 10, Nov. 7, 2016, ECF No. 57 ("Pl. Reply").

Plaintiff argues that the certifications of origin submitted naming La Nica as the importer

of record should therefore be deemed valid.[21] Id. at 11–14.  This argument is not logically

or factually sound.  Plaintiff has not rescinded the affirmation made in the PEA requests

that the goods were sold in transit and, indeed, repeats the claim that the goods were

sold in transit before this court.  Pl. 56.3 Statement ¶ 25.  Customs' denial of the PEA

requests does not equate to an affirmative determination that Plaintiff was the proper

importer of record of these goods.   Rather, by denying the PEA requests, Customs

determined that Plaintiff had not substantiated the claims made in the PEA requests to

demonstrate that [[        ]] and [[           ]], respectively, were the actual importers of record

of the goods.[22]   See Joint Appendix at 8, 86–89.  Although Plaintiff failed to affirmatively

---

[21] Plaintiff also argues that the certifications should be deemed valid because CETREX, a Nicaraguan government entity that validates certifications in that country, determined they were valid.  Pl.'s Resp. Opp'n Def.'s Cross-Mot. Summ. J. and Reply Def.'s Resp. Opp'ing Pl.'s Mot. Summ. J. 13, Nov. 7, 2016, ECF No. 57, citing Joint Appendix at CA 83.  Even if the certifications are accurate from a Nicaraguan standpoint, CBP requires that entry be made by the importer (and certification be provided by, inter alia, the importer), which means that the party claiming preferential treatment must be the "person primarily liable for the payment of any duties on the merchandise, or an authorized agent acting on his behalf" (i.e., the consignee, the importer of record, the actual owner of the merchandise, if an actual owner's declaration and superseding bond has been filed, or the transferee of the merchandise, if the right to withdraw merchandise in a bonded warehouse has been transferred), 19 C.F.R. § 101.1, and the importer of record is the owner, purchaser, or designated customs broker,.   See 19 U.S.C. §1484(2)(B); 19 C.F.R. § 10.583(a).  For the reasons discussed above Plaintiff has not shown that this CBP requirement has been met.

[22] Plaintiff does not dispute that it did not respond to the request for information in support of the PEAs.  Pl. 56.3 Statement ¶ 29.  Although Plaintiff did provide certain supporting documentation in the protests submitted in February 2013, see Joint Appendix at CA 1–19, 20–35, 36–52, Plaintiff did not protest, and does not challenge before this court, Customs' denial of the PEAs.  Pl. Reply 14–15 ("[T]he decision protested, decided, and now under review relates solely to a claim for

(footnote continued)

prove the goods were sold in transit, as would be necessary for Customs to approve the PEA requests, the PEA requests themselves raise questions about whether Plaintiff was the actual owner of the goods at the time of entry, as required to make a valid claim to establish CAFTA-DR eligibility.   19 C.F.R. § 10.583(a); 19 U.S.C. §1484(2)(B).   The burden is on the claimant to provide "sufficient information to verify or substantiate the claim" for preferential treatment, 19 C.F.R. § 10.616(a), and Plaintiff did not do so. Therefore, Plaintiff has not established CAFTA-DR eligibility.

Plaintiff argues that the government should be judicially estopped from now taking the position that Plaintiff is the importer of record because Customs denied Plaintiff's PEA requests to change the importer of record.  Pl. Reply 10–11.  The doctrine of judicial estoppel, which may be invoked by a court at its discretion, see New Hampshire v. Maine, 532 U.S. 742, 750 (2001) provides that, "when a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed."  Data Gen. Corp. v. Johnson, 78 F.3d 1556, 1565 (Fed. Cir. 1996) (internal citations omitted).  Plaintiff's argument for judicial estoppel is misplaced.  In denying Plaintiff's PEA request to change the importer of record, Customs did not "successfully urg[e] a particular position."  Id.; see New Hampshire v. Maine, 532 U.S. at 750.  Rather, Customs declined to change the importer of record and denied the PEAs because insufficient information was provided in support

---

preferential treatment under DR-CAFTA, and whether Customs correctly decided that Plaintiff did not comply with the regulations for Plaintiff's claims [. . . ] Plaintiff only identified Customs decision to deny preferential treatment for the three entries as the decision that Plaintiff was protesting, not the denial of its request for post-entry amendments.").

**PUBLIC VERSION**

of the PEAs.  Joint Appendix at CA 8.  The doctrine of judicial estoppel is inapplicable to

the present case.

## <u>CONCLUSION</u>

For the foregoing reasons, as a matter of law the court holds that Plaintiff has failed

to establish a claim for preferential tariff treatment under CAFTA-DR.  Plaintiff's motion

for summary judgment is denied, and Defendant's cross-motion for summary judgment is

granted.  Judgment will enter accordingly.


                                                      /s/ Claire R. Kelly
                                                      Claire R. Kelly, Judge


Dated: <u>February 2, 2017</u>
          New York, New York